ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
(415) 263-1850
(415) 989-9798 FAX

DEBORAH K. MILLER (SBN 95527)
JEFFREY S. ROSS (SBN 138172)
ORACLE AMERICA, INC.
500 Oracle Parkway, 7th Floor
Redwood Shores, CA 94065
(650) 506-5200
(650) 506-7114 FAX

Attorneys for Plaintiff
Oracle America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., | Case No.: CV10 5066 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MULTIS, LIMITED, | |
| Defendants. | |

Plaintiff Oracle America, Inc. ("Oracle America") alleges:

## NATURE OF THE ACTION

1. Oracle America brings this action to recover the loss it suffered when inventory owned by Oracle America and stored in a warehouse maintained by Defendant Multis, Limited was stolen in the course of three separate burglaries. In permitting the repeated theft of Oracle America's inventory, Defendant breached the parties' contract, was negligent, and otherwise violated its obligations under the common law.

1

## PARTIES

2. Oracle America is a corporation organized under the laws of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle America is qualified to do business and is doing business in California and, specifically, in the County of Santa Clara.

3. Oracle America is informed and believes, and on that ground alleges, that Defendant Multis, Limited ("Multis") is a technology services and outsourcing company that contracts with technology manufacturers to manage their product return streams, provide storage for clients' parts inventory, and supply clients with remanufactured components and products for sale in secondary markets. Oracle America is further informed and believes, and on that ground alleges, that Multis is organized under the laws of Ireland, has its principal place of business and operations in Galway, Ireland, and also has operations and is doing business in Union City, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute under 28 U.S. Code §1332 (a) (2), in that the matter in controversy exceeds the sum of $75,000 and is between a citizen of a State and a citizen of a foreign state.

5. Personal jurisdiction is appropriate in this District pursuant to a forum selection provision contained in the contract between the parties. See paragraph 19, *infra*.

## INTRADISTRICT ASSIGNMENT

6. The parties have agreed that Santa Clara County is an appropriate venue for this matter. See paragraph 19, *infra*. Accordingly, this action is properly assigned to the San Jose Division of the Court.

## FACTUAL ALLEGATIONS

7. Oracle Corporation ("Oracle") is one of the world's leading technology companies, providing complete, open, and integrated business software and hardware systems. On February 15, 2010, Oracle USA, Inc., a subsidiary of Oracle, merged with and into Sun Microsystems, Inc. ("Sun"), which was renamed "Oracle America, Inc." Oracle America is a subsidiary of Oracle.

8. On or about April 10, 2009, Multis and Oracle America (then known as Sun) entered

COMPLAINT; DEMAND FOR JURY TRIAL

into a Master Supply Agreement with an effective date of January 31, 2007 (the "Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1 to this Complaint and incorporated by reference as if fully set forth herein. Pertinent exhibits to the Agreement are referenced below.

9. The purpose of the Agreement, as stated therein, was for Multis to perform certain services in connection with the remanufacture of Sun products, including without limitation, management or recovery of needed material from incoming returns and excess material or purchase from the secondary market to satisfy inventory and customer order requirements, performance of incoming quality assurance, assembly of material into integrated systems, refurbishment of equipment, testing systems, performance of final labeling, serializing, conducting pack-out and outgoing quality assessments, and distribution of products to Sun-specified locations globally.

10. The risk of loss or damage to Oracle America inventory while warehoused by Multis is allocated pursuant to Paragraph 8.2 of the Agreement, which provides in pertinent part:

> [Multis] shall be responsible for delivery of Product as directed or requested by Sun. Sun will own all title in and to inventory and Products. [Multis] shall be responsible for any loss or damage to Products or inventory due to [Multis]'s failure to properly preserve, protect, package, handle and ship any Product or inventory in accordance with the **Customer Fulfillment and Inventory Control Exhibit(s).** Except as set forth in the foregoing sentence, Sun will bear all risk of loss, damage or destruction to the Products held by [Multis].

A true and correct copy of the Inventory Control Exhibit, which is Exhibit E to the Agreement, is attached as Exhibit 2 to this Complaint and incorporated by reference as if fully set forth herein. Paragraph 8 of the Inventory Control Exhibit states:

**Inventory and Warehouse Security**

> [Multis] will comply with the Sun Microsystems Corporate Security Freight & Warehouse Minimum Security Standards attached hereto as Attachment 1.

A true and correct copy of the "Sun Microsystems Corporate Security Freight & Warehouse Minimum Security Standards" is attached as Exhibit 3 to this Complaint and incorporated by reference as if fully set forth herein. It emphasizes:

- "Primary responsibility for safe and secure transportation and storage of Sun products lies with the service provider or their subsidiaries, and subcontractors."

COMPLAINT; DEMAND FOR JURY TRIAL

- "The Service provider and/or the sub-contractor is required to provide a secure storage area for Sun's product. The secure area will be designed to deter and prevent unauthorized access."
- "The Service provider and/or the sub-contractor will provide and maintain, at all times, adequate security systems to allow continuous security monitoring and protection of Sun's freight against fire and intrusion."

11. The contractually required minimum security standards required, among other things:

- "An enclosed building structure will be used in which all openings that might permit entry are covered or controlled."
- "A security intrusion alarm system that covers external doors into the facility, perimeter openings like skylights, and internal perimeter doors leading to areas storing high concentrations of high value subcomponents will be employed. The system will also monitor all vulnerable glass areas and provide an alarm in the event of breakage."
- "A closed circuit television (CCTV) system with coverage sufficient to capture images of all stored product in the terminal area and entry points to office areas will be employed."

12. Multis operated a warehouse in Union City, California in which it stored Oracle America inventory that was to be used by Multis to provide remanufacturing and order fulfillment services. The inventory consisted generally of three categories: (i) raw materials (made up of sub assemblies, components and spare parts for systems to be built, (ii) work in process and (iii) finished systems that are ready to be sold to customers. Among the many types of components stored by Multis are memory modules, which comprise the component type that is the subject of the thefts that are at issue in this Complaint.

13. On or about July 5, 2009, there was a burglary at Multis's Union City warehouse. The perpetrators gained entry by breaking a window on the production side of the building and stole Oracle America inventory consisting of 36 disk drives and 4 CPU modules, On July 9, 2009, a

4

COMPLAINT; DEMAND FOR JURY TRIAL

representative of a firm providing security consulting to Oracle America conducted an investigation of the burglary. As a result of that investigation, Multis undertook to make certain improvements to its existing security measures.

14. On April 25, 2010, there was a second burglary at Multis's Union City warehouse. In that incident, the perpetrators again gained entry by breaking through a window, this time on the warehouse side of the building, and then used wire clippers to access a cage where Oracle America inventory was stored. Approximately 1,452 memory modules were stolen. The reasonable value of the stolen inventory was no less than $61,498.

15. After the April 25, 2010 incident, Oracle America security representatives conducted an investigation. In that investigation, Oracle America determined that Multis had not completed the undertakings it had made after the July 9, 2009 burglary. For example, although Multis had installed security film on the windows that were broken in the July 9, 2009 burglary, it failed to install security film on other windows, including used to gain entry on April 25, 2010. Multis admitted that this was "an oversight." Oracle America security required upgrades to Multis's facility to ensure that Multis would bring itself into compliance with its obligations to "provide a secure storage area for Sun's product," to design such area to "prevent unauthorized access," and to "maintain, at all times. adequate security systems to allow . . . protection of Sun's freight against . . . intrusion." These upgrades were to include, but not be limited to, the following: CCTV camera adjustments to ensure any repeat warehouse entry will capture clearer images on intruders; review of security of cage, including open top access; further securing the caged space with additional mesh wiring over tops and sides of shelves; CCTV review to ensure that no blind spots existed in coverage; improvement to CCTV setup so that only security personnel know the camera coverage; and complete installation of security film on all windows and consideration of steel bars for additional security at window openings.

16. On May 23, 2010, there was a third burglary at Multis's Union City warehouse. In that incident, the perpetrators gained entry through windows in the same area as were used for entry in the April 25, 2010 incident. Although security film had been installed, Multis had not installed iron bars or taken other steps to secure the stripping that held the windows in place. The perpetrators simply removed the stripping and then the window to gain entry. Approximately 4,876 memory modules were

5

COMPLAINT; DEMAND FOR JURY TRIAL

1  stolen. The reasonable value of the inventory lost in the May 23, 2010 intrusion was no less than
2  $267,244.
3        17. After the May 23, 2010 incident, Oracle America representatives conducted another
4  security review of Multis's Union City warehouse, discovering at that time that Multis had neither
5  followed all of the recommendations made after the April 25 incident nor taken sufficient steps to
6  comply with its obligations under the Agreement to provide a secure storage area and to maintain
7  adequate security systems to protect against intrusion.
8        18. The total loss suffered by Oracle America as a result of the April 25 and May 23
9  incidents is an amount no less than $328,742.
10       19. The Agreement includes the following jurisdiction and forum selection provision:

> **Governing Law**. All disputes will be governed by the laws of California. The parties irrevocably consent to the jurisdiction and venue of the State of California or its courts located in Santa Clara County. Choice of law rules of any jurisdiction and the United Nations Convention on Contracts for the International Sale of Goods will not apply to any dispute under the Agreement.

See Exhibit 1 at 14, ¶ 26.4.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

20. Oracle America incorporates by this reference paragraphs 1 through 19, inclusive, and realleges such paragraphs as though fully set forth herein.

21. Oracle America performed all conditions, obligations, and covenants required of it under the Agreement.

22. By virtue of the facts alleged, Multis breached the Agreement by failing to provide an adequately secure storage warehouse for Oracle America's inventory at Multis's Union City warehouse.

23. Despite Oracle America's demands therefor, Multis has failed and refused and continues to fail and refuse to reimburse Oracle America for the loss it suffered due to the theft of inventory from Multis's Union City warehouse.

24. As a proximate result of Multis's breach of contract, Oracle America has incurred damages in an amount no less than $328,742, the reasonable value of the stolen inventory, plus

COMPLAINT; DEMAND FOR JURY TRIAL

prejudgment interest on such amount at the legal rate.

WHEREFORE, Oracle America prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligence)

25. Oracle America incorporates by this reference paragraphs 1 through 19, inclusive, and realleges such paragraphs as though fully set forth herein.

26. By virtue of the Agreement, the obligations imposed thereunder, and its having possession of valuable inventory belonging to Oracle America, Multis owed a duty of care to take reasonably prudent steps to ensure that its Union City warehouse provided a safe and secure storage facility for such inventory.

27. Multis acted negligently and with a lack of reasonable care in taking the actions, and failing to take other reasonably necessary actions, as alleged herein.

28. As a direct and proximate result of Multis's negligence, Oracle America has suffered damages in an amount no less than $328,742, representing the standard cost value of the stolen inventory.

WHEREFORE, Oracle America prays judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Breach of Contract to Insure)

29. Oracle America incorporates by this reference paragraphs 1 through 19, inclusive, and realleges such paragraphs as though fully set forth herein.

30. A true and correct copy of the Insurance Exhibit, which is Exhibit H to the Agreement, is attached as Exhibit 4 to this Complaint and incorporated by reference as if fully set forth herein. Pursuant to the terms of the Insurance Exhibit, Multis was obligated to procure, at its own expense, certain specified insurance policies that the parties intended would among other things, cover Sun's interest in its property that Multis held at the Union City facility in its capacity as bailee under the Agreement. Among the types of insurance policies that Multis was required to procure under the Agreement and the Insurance Exhibit were the following:

COMPLAINT; DEMAND FOR JURY TRIAL

A. Commercial General Liability (CGL) Insurance. Section 1.1.1 of the Insurance Exhibit requires Multis to obtain: "Commercial General Liability insurance as broad as ISO form CG00 01 07 98 with a limit of not less than ten million dollars (US$ 10,000,000) per occurrence. This insurance must (a) include coverage for Product Liability, Completed Operations, Blanket Contractual and Broad Form Property Damage liabilities, (b) contain Cross Liability, Severability of Interest or Separation of Insureds provision and (c) name Sun, its subsidiary and affiliated companies, directors, officers, employees and agents as Additional Insureds."

B. "All Risks" Property Insurance. Section 1.14 of the Insurance Exhibit requires Multis to obtain: "'All Risks' Property insurance as broad as ISO form CP 10 30 10 00 which covers any property owned, leased or used by Supplier to perform work or provide services under this Agreement. This insurance must provide coverage on a **replacement cost basis**." (Emphasis in original).

C. Comprehensive Crime Insurance. Section 1.1.5 of the Insurance Exhibit requires Multis to obtain: "Comprehensive Crime insurance with a limit of not less than two million dollars (US$ 2,000,000) per loss. This insurance must (a) include coverage for Employee Dishonesty / Fidelity and Electronic / Computer Crime, (b) cover all of Supplier's employees, officers and agents who perform work or provide services under this Agreement and (c) name Sun as a Loss Payee with respect to any loss of Sun-owned property which arises out of a covered cause of loss."

31. Oracle America is informed and believes, and on that ground alleges, that Multis, in breach of the Insurance Exhibit, failed to obtain the CGL, All Risks Property and/or Comprehensive Crime Insurance policies required by the Insurance Exhibit. Oracle has made several efforts to obtain information regarding the insurance policies procured by Multis as required by the Insurance Exhibit to the Agreement but Multis has failed to provide such policies or to confirm to Oracle, in proper fashion, whether Multis has insurance coverage that would apply to Oracle's loss.

32. As a proximate result of Multis's failure to obtain the contractually-required insurance, Oracle America has been damaged as alleged herein.

COMPLAINT; DEMAND FOR JURY TRIAL

WHEREFORE, Oracle America prays judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Bailee Negligent Failure to Deliver)

33. Oracle America incorporates by this reference paragraphs 1 through 19, inclusive, and realleges such paragraphs as though fully set forth herein.

34. Multis was a bailee for hire as to the stolen inventory belonging to Oracle America.

35. As a bailee for hire, Multis had a duty to deliver the goods in its possession and is liable for failure to do so unless it satisfies its burden of showing that its inability to do so is not due to any fault on its part.

36. Multis cannot meet its burden proof to show that it is without fault on the facts set forth above.

37. As a proximate result, Oracle America has been damaged as alleged herein.

WHEREFORE, Oracle America prays judgment as follows:

1. For damages in the amount of $328,742 or such other amount according to proof at trial;

2. For prejudgment interest at the legal rate on such amount;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: November 8, 2010

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

By: _____
James A. Hughes
Attorneys for
Oracle America, Inc.

COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff Oracle America, Inc. hereby demands trial by jury as to all triable claims in this action.

DATED: November 8, 2010.

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

By: _____
James A. Hughes
Attorneys for
Oracle America, Inc.

COMPLAINT; DEMAND FOR JURY TRIAL